# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-334-SPS |
| | ) |
| COMMISSIONER of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant James D. Smith requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. He appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

-2-

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-seven years old at the time of the administrative hearing (Tr. 37). He completed the ninth grade and has worked as a printer (Tr. 24, 245). The claimant alleges inability to work since January 15, 2010 due to depression, bi-polar disorder, and schizophrenia (Tr. 244).

## Procedural History

On March 23, 2015, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 25, 2017 (Tr. 15-26). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk and sit for six hours each in an eight-hour workday, except that he must avoid work above shoulder level. Additionally, he

found the claimant could perform simple, repetitive tasks, relate to supervisors and co-workers only superficially, but that he should not work with the public (Tr. 19). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, bottling line attendant, small product assembler, touch up screener, and sutter winder (Tr. 24-25).

### Review

The claimant contends that the ALJ erred by: (i) improperly evaluating a consultative examiner's opinion and (ii) failing to identify jobs that account for *all* of his impairments. Because the ALJ does appear to have ignored probative evidence regarding the claimant's impairments, the decision of the Commissioner should be reversed.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease of the lumbar spine, depression, and anxiety (Tr. 17). The medical evidence relevant to this appeal and the claimant's physical impairments reveals that in 2009, an MRI revealed a herniated disk at L5/S1 (Tr. 343). He then underwent epidural steroid injections and was sent for therapy with core stabilization and extremity strengthening (Tr. 346).

On November 6, 2010, Dr. Traci Carney conducted a physical consultative examination of the claimant. She assessed the claimant with low back pain with history of degenerative disc disease, as well as tobacco abuse (Tr. 358). The claimant also received treatment at Harvard Family Physicians, P.C., and treatment notes reflect diagnoses included lumbar degenerative disc disease, which was noted to be stable but chronic in 2012 (Tr. 364-369).

-4-

On June 25, 2015, Dr. Azhar Shakeel conducted a physical examination of the claimant (Tr. 467). He noted upon examination that the claimant had severe pain and decreased range of motion in the right and left hip and right and left ankles, and that the lumbosacral spine revealed severe pain and decreased range of motion, cervical spine revelated severe pain with movement right to left and decreased range of motion, but no scoliosis, increased kyphosis, or increased lordosis (Tr. 469). Dr. Shakeel stated in the gait evaluation that the claimant required a cane for walking and balance, noting the claimant was unable to do heel/toe walking (Tr. 469). Dr. Shakeel's assessment was that the claimant had severe neck and back problems, making him unable to go out, and causing him numbness and tingling. He recommended that the claimant follow up with a neurosurgeon because he needed further evaluation for his paresthesias (Tr. 469).

NeoHealth Tahlequah Health Center treatment notes from 2015 indicate that the claimant continued to report low back pain and more pain with work, although medication helped (Tr. 535). In 2017, the claimant was referred for an MRI due to worsening lumbar radiculopathy (Tr. 593-594). The MRI result is not in the record, and there is some indication it was not performed because the claimant could not afford it (Tr. 41).

State reviewing physician Dr. James Metcalf determined that the claimant could perform an unlimited range of light work (Tr. 68-69). On reconsideration in October 2015, Dr. Bill Payne found that there was insufficient evidence to rate the claimant's physical impairments (Tr. 103-104).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence contained in the record. As relevant to this appeal, the ALJ

discussed the opinion evidence in the record, including the opinion of Dr. Shakeel. As to Dr. Shakeel, the ALJ noted his opinion regarding the claimant's need for a cane and inability to perform heel/toe walking, but gave it little weight by ignoring the actual evaluation of the claimant that took place and instead stating that there was no objective evidence to support the severity of the claimant's impairments and that the claimant's last MRI was in 2009. The ALJ then assigned great weight to Dr. Metcalf's reviewing opinion because it was consistent with his own opinion and the 2009 MRI (Tr. 23). He ultimately determined that the claimant was not disabled (Tr. 21).

The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013), *citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003). Here, the ALJ failed to account for evidence regarding the claimant's decreased range of motion, severe pain, and need for a cane, instead relying on years-old treatment and test records to discount the claimant's complaints. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F2d 382, 385-386 (7th Cir. 1984).

Moreover, the ALJ assigned great weight to the state agency physician opinion that the claimant could perform light work but ignored much of the evidence related to the claimant's pain in the back and lower extremities, and the repeated notes in the record regarding the claimant's chronic lumbar degenerative disc disease.

The indicates the additional error regarding the ALJ's evaluation of Dr. Shakeel's opinion as a consultative examiner. "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). Those factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart,* 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Here, as described above, the ALJ rejected Dr. Shakeel's more recent examining opinion, in favor of Dr. Metcalf's nonexamining opinion, while engaging in improper picking and choosing. *See*

*Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").

As part of this error, the ALJ further failed to properly account for the claimant's use of a cane. Here, the ALJ only recited Dr. Shakeel's notation that the claimant ambulated with a cane, and therefore made no findings regarding his use of a cane in relation to the RFC. *See Staples v Astrue*, 329 Fed. Appx. 189, 191-192 (10th Cir. 2009) ("The standard described in SSR 96-9p does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of [his] RFC. Instead, [he] only needs to present medical documentation establishing the need for the device."). *See also* Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7 (July 2, 1996). And in fact, the vocational expert testified that if the claimant used the cane, the claimant would not have been able to perform the jobs identified (Tr. 54). *See* Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7 ("In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work."). This indicates further deliberate efforts to pick and choose among the evidence to use only favorable portions in support of the ALJ's opinion. *See Hardman*, 362 F.3d at 681 (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").

Because the ALJ failed to properly evaluate the evidence available in the record, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a

proper analysis in accordance with the appropriate standards. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 5th day of March, 2020.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**